**William T. YOUNGBLOOD, Plaintiff,**

v.

**LAWYERS TITLE INSURANCE CORPORATION, Defendant.**

Civ. A. No. 88–0778–BH.

United States District Court,
S.D. Alabama, S.D.

Aug. 21, 1989.

Richard H. Sforzini, Jr., J. Rushton McClees, Vincent F. Kilborn, III, Mobile, Ala., for plaintiff.

Sidney H. Schell, David M. O'Brien, Mobile, Ala., for defendant.

## ORDER

HAND, Senior District Judge.

This cause comes before the Court on defendant's Motion for Judgment Notwithstanding the Verdict, or in the alternative, for a New Trial, Remittitur, or for the application of the statutory maximum punitive damage award as provided in *Ala. Code* § 6–11–21; and plaintiff's motion to increase the punitive damage award under *Ala. Code* § 6–11–23(b).

This Court having reviewed and considered the issues raised and the briefs filed by the parties, finds that defendant's Motion for Judgment Notwithstanding the Verdict is without merit. Accordingly, said motion is due to be and hereby is, DENIED.

■ The Court having further considered defendant's Motion for New Trial or in the alternative Remittitur finds this motion to also be without merit. This Court is aware of the Alabama Supreme Court's holding in *Hammond v. City of Gadsden*, 493 So.2d 1374 (Ala.1986), whereby, that Court required trial courts state for the record the factors considered in either granting or denying a motion for new trial based upon the alleged excessiveness or inadequacy of a jury verdict. Therefore this Court states the following as factors considered in denying defendant's motion. First, upon review of the record and the Court's own recollection, this Court finds there was ample evidence upon which the jury could have found the

defendant liable for reckless misrepresentation and bad faith. Second, there is no evidence upon which this Court could find the jury was not able and did not comprehend the Court's instructions on the varying standards of proof. Unless, defendant is asserting all jurors are incapable of fairly fashioning justice in cases against insurance companies, defendant's allegations are meritless. If defendant is in fact alleging such, this court is not the correct forum in which to make these arguments. Third, the defendant's conduct was and still remains reprehensible in character. Defendant through its agent, Thomas Rowe, stated to this Court that this verdict will not change the way defendant does business, and if the same situation arose again the defendant would again act in the same manner. This shows the defendant's callous disregard for the law and citizenry of this state. Fourth, the defendant received over $328,000,000 in premiums for the year 1988 with only $40,108,749 in losses. This verdict will not place undue hardship on defendant, in that it surely will not bankrupt the company. Finally, the $550,000 verdict will discourage others from similar conduct in the future. For the above listed reasons defendant's Motion for New Trial or Remittitur is due to be and hereby is, DENIED.

■ This Court now addresses defendant's Motion for Application of the Statutory cap on the award of punitive damages. Under *Ala.Code* § 6–11–23(a), this Court is to apply no presumption of correctness to the amount of punitive damages awarded by the jury in this case. However, upon hearing all of the evidence presented at the post trial hearing, this Court finds the jury verdict entered in this case is a correct award for this cause.

Defendant has argued the statutory cap of *Ala.Code* § 6–11–21 should apply in this case. If this cap did apply the verdict amount of $500,000 would violate said cap and have to be lowered, unless one of the three exceptions of § 6–11–21 applied. This Court finds that plaintiff has met his burden of proving defendant engaged in a pattern or practice of wrongful conduct, an exception to the cap as set forth in § 6–11–21(1), and therefore, this court does not decide whether plaintiff's rights accrued prior to June 11, 1987, and were, therefore, not covered by the statutory cap.

Plaintiff admitted that the burden of establishing the applicability of the statutory exceptions to the punitive damages cap rested with him. Plaintiff carried this burden, by showing that defendant had engaged in a pattern or practice of wrongful conduct. Plaintiff had to establish this exception in order to exceed the $250,000 cap set on punitive damages by the Alabama Legislature.[1] In adopting the term "pattern" the Alabama legislature intended for the courts to draw upon the interpretation of that term as set forth by the federal courts, in the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961(5), litigation. *See* Hunter, *Alabama's 1987 Tort Reform Legislation*, 18 Cumb.L.Rev. 281, 300 (1988).

The Eleventh Circuit has held that in order to establish a "pattern" there must be a showing of more than one racketeering activity and the threat of continuing activity. *Bank of America National Trust & Savings Assoc. v. Touche Ross & Co.*, 782 F.2d 966, 971 (11th Cir.1986). Further, "conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Durham v. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir.1988) *quoting* (*Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346, 358 n. 14 (1985)). The acts need not occur in separate schemes, but can occur in one scheme

---

1. This Court notes that if the saving clause codified at § 6–11–30, *Alabama Code,* did not cover plaintiff's claims, then the statutory cap applied. For the purposes of this decision the Court treats the claims as if they were covered by the cap of § 6–11–21. However, this Court does not decide that issue. If the cap did not apply in this case the jury verdict was correct as originally returned.

if they are temporally separate within that scheme. That is to say, if the acts are distinct and separate. *See Ford v. Citizens and Southern National Bank*, 700 F.Supp. 1121, 1125 (N.D.Ga.1988).

Using the above definitions of "pattern", as modified to fit the present situation this Court holds that defendant committed numerous separate and distinct acts all designed to keep defendant from having to pay plaintiff's claim. This pattern was continuous, not only over the thirteen month period of time that plaintiff tried to have his claim settled before filing suit, but defendant's agent, Thomas Rowe, stated in open court that defendant intended to continue this practice even after this verdict was reached. It is clear to this Court, that plaintiff proved a pattern of wrongful conduct by defendant, and therefore, even if the statutory cap applied, plaintiff is not bound by the $250,000 limit of § 6–11–21.

Therefore, in light of all the evidence, both in the record and that presented to this Court at the evidentiary post trial punitive damages hearing, this Court finds $500,000 as an appropriate punitive damages award. Plaintiff's Motion to Increase the Punitive Damage Award is due to be and is hereby, DENIED.

It is so ORDERED.